**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-4037

MIRA HOLDINGS, INC.,

Plaintiff,

v.

NEXUS MUTUAL LIMITED,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**NATURE OF THE CASE**

1. This case is brought by Plaintiff Mira Holdings, Inc. ("Plaintiff") pursuant to 15 U.S.C. § 1114(2)(D)(v) and for declaratory relief pursuant to 28 U.S.C. § 2201 to establish that the registration and use of the internet domain name <*nexusmutual.com*> (the "Domain") is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)) ("ACPA"), or otherwise under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, and to prevent the transfer of the Domain from Plaintiff to Defendant Nexus Mutual Limited ("Defendant'), which was ordered in an August 18, 2026 administrative panel decision having a notification date of August 20, 2026 in the Uniform Domain Name Dispute Policy ("UDRP") proceeding captioned: *Nexus Mutual Limited v. Mira*

*Holdings*, WIPO Case No. D2026-1683. A copy of this UDRP decision is attached as Exhibit A.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over Defendant because Defendant consented to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, in initiating the UDRP proceeding, Defendant agreed to submit to jurisdiction of the registrar in connection with a challenge of a UDRP decision.

3. The registrar for the Domain is DropCatch.com 601 LLC ("DropCatch.com") having a principal place of business in Denver, Colorado which is in this judicial district.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this cause arises under 15 U.S.C. § 1114 in that Plaintiff is the registrant of a domain name which has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant.

5. Defendant has directed activity into this judicial district with the intent to deprive Plaintiff of rights under a contract having a situs in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7. Plaintiff Mira Holdings, Inc. is a Minnesota corporation with a principal location in Minneapolis, Minnesota.

8. On information and belief, Defendant Nexus Mutual Limited is a U.K. company with a principal location in London, United Kingdom.

## FACTS

9. Plaintiff is a is a professional domain name investor with more than 10,000 domain names under ownership and offered for sale, including many domain names that are composed of common dictionary words, abbreviations, or variant spellings of words.

10. Such words include “nexus” and “mutual.”

11. Plaintiff acquired the Domain for $53,499 at a public auction on December 2, 2023. See Exhibit B.

12. The founder of Defendant anonymously made several unsuccessful bids on behalf of Defendant, including bids of $52,500; $50,999; and $48,050, using the “Elwood” bidding handle at the December 2, 2023 public domain auction. See Exhibit B.

13. Plaintiff did not fail to maintain accurate contact information with respect to the Domain.

14. On information and belief, Defendant subsequently obtained U.K. Trademark Registration UK00004124145 for the NEXUS MUTUAL mark having a registration date of May 9, 2025.

15. On information and belief, the Defendant possessed no common law trademark rights in the United States and no rights under the Lanham Act for the alleged NEXUS MUTUAL mark before when the Domain was registered.

16. Plaintiff has not sold, transferred or trafficked the Domain, nor specifically offered to sell the Domain to Defendant; although the Domain, along with other domain names registered to Plaintiff, are available for sale.

17. In July 2025, Defendant approached Plaintiff in an attempt to purchase the Domain for $25,000 (twenty-five thousand US dollars), less than half of the $53,499 that Plaintiff had paid in the competitive public auction against Defendant in 2023, and less than half of what Defendant had bid at that same public auction. See Exhibit C.

18. The Uniform Domain Name Dispute Resolution Policy (UDRP) recognizes that a party dissatisfied with a UDRP decision regarding a domain dispute may file a complaint with a court of competent jurisdiction within ten (10) business days of a UDRP decision, which will stay implementation of that administrative UDRP decision.

19. On or about April 30, 2026, Defendant initiated a UDRP proceeding seeking to have the <*nexusmutual.com*> domain transferred to Defendant.

20. The principal office of DropCatch.com, the registrar for the <*nexusmutual.com*> domain, is located in Denver, Colorado.

21. By initiating the UDRP proceeding, Defendant has consented to the jurisdiction of the District of Colorado, where the registrar for the <*nexusmutual.com*> domain is located, with respect to any challenges that may be made to a UDRP decision to transfer the <*nexusmutual.com*> domain.

22. As a result of Defendant’s filing of the UDRP, the registrar DropCatch.com has maintained a lock on the domain name, preventing the Plaintiff from enjoying its full rights under the domain registration agreement. Plaintiff has been unable to exercise full control over the Domain as a result of Defendant's action.

23. On August 20, 2026, Plaintiff was notified of the UDRP decision dated August 18, 2026 ordering transfer of the Domain to Defendant.

24. Under the UDRP, the registrar will transfer the Domain to Defendant unless legal action for independent determination of Plaintiff's rights is commenced in this judicial district.

**FIRST CAUSE OF ACTION DECLARATORY RELIEF - 28 U.S.C. § 2201**
**NO VIOLATION OF LANHAM ACT**

25. Plaintiff incorporates the allegations set forth in paragraphs 1 through 24 above.

26. Plaintiff's registration or use of the Domain does not violate Defendant's rights under the ACPA or otherwise under the Lanham Act. Plaintiff did not have "bad faith intent," as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's alleged NEXUS MUTUAL trademark.

27. On information and belief, Defendant did not engage in interstate commerce in the United States of America in connection with Defendant’s alleged NEXUS MUTUAL trademark prior to the registration of the Domain.

28. Plaintiff reasonably believes the registration and use of the Domain was and is lawful under the Lanham Act.

29. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant. 15 U.S.C.§ 1114(2)(D)(v).

30. There is an actual controversy as to whether the Defendant is entitled to transfer of the Domain based on Defendant's rights under the ACPA and the Lanham Act.

31. In the absence of a declaration from the Court, DropCatch.com, the registrar of the Domain, will transfer the Domain to the control of Defendant, and Plaintiff will suffer irreparable harm with no adequate remedy at law.

**SECOND CAUSE OF ACTION – REVERSE DOMAIN HIJACKING UNDER 15 U.S.C. § 1114(2)(D)(v)**

32. Plaintiff incorporates the allegations set forth in paragraphs 1 through 31 above.

33. On information and belief, following Defendant's loss to Plaintiff in fair competitive bidding at the public auction for the Domain in 2023, and waiting until after Defendant obtained a UK trademark registration for the NEXUS MUTUAL mark subsequently in May 2025, Defendant in July 2025 sought to purchase the domain for less than half of what Plaintiff had paid in the competitive public auction against Defendant, yet Defendant alleged in its UDRP complaint that Plaintiff had registered and used the Domain in bad faith relative to the Defendant's alleged rights without disclosing all of these facts knowing that these allegations were not complete and accurate.

34. Because of the resulting UDRP decision, Plaintiff's Domain has been locked which prevents Plaintiff's full enjoyment of the benefits of registration thereof in consequence of false statements made by Defendant under a dispute policy, namely the UDRP.

35. 15 U.S.C. § 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act."

36. The registration or use of the Domain does not violate any cognizable right of the Defendant under the ACPA and the Lanham Act.

37. The Domain has been ordered transferred and would be transferred to Defendant but for this Action under the ACPA.

**THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE**

38. Plaintiff incorporates the allegations set forth in paragraphs 1 through 37 above.

39. Defendant competed against Plaintiff in the public auction for the Domain where the founder of Defendant who had participated in the auction anonymously on behalf of Defendant using the "Elwood" bidding handle.

40. Plaintiff outbid Defendant at the public auction for the Domain in 2023.

41. Plaintiff has had a valid and enforceable contract with DropCatch.com with respect to the registration of the Domain since 2023.

42. On information and belief, Defendant had knowledge of Plaintiff's domain registration contract with DropCatch.com with respect to the Domain since 2023.

43. Defendant did not obtain a trademark registration for the NEXUS MUTUAL mark until May 2025.

44. Shortly afterwards in July 2025, Defendant approached Plaintiff in an attempt to purchase the domain for $25,000 (twenty-five thousand US dollars), less than half of the $53,499 that Plaintiff had paid in the competitive public auction against Defendant in 2023, and less than half of what Defendant had bid at that same public auction.

45. On information and belief, following Defendant's loss to Plaintiff in the fair competitive bidding at the public auction in 2023, and waiting until after Defendant obtained a trademark registration subsequently in 2025, and after Defendant's unsuccessful attempt to purchase the Domain from Plaintiff for less than half of what Defendant had bid in the competitive domain auction against Plaintiff in 2023, Defendant alleged in its UDRP complaint filed in 2026 that Plaintiff had registered and used the Domain in bad faith relative to the Defendant's alleged rights without disclosing all of these facts and knowing that these allegations were not complete and accurate for the purpose of depriving the Plaintiff of its rights under the domain registration contract to unlawfully obtain what Defendant could not lawfully obtain in the marketplace.

46. On information and belief, Defendant unlawfully and abusively used the UDRP process to overturn the results of a competitive domain auction.

47. On information and belief, Defendant unlawfully used the UDRP process as a mechanism to obtain a lower price or discount in negotiations for the Domain.

48. Defendant's acts were knowingly made for the purpose of interfering with and inducing cancellation of Plaintiff's domain registration contract with DropCatch.com, and to deprive Plaintiff of the benefits of its registration contract with DropCatch.com.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Declaration by the Court, pursuant to 28 U.S.C. § 2201, that Plaintiff's registration, ownership and use of the Domain <*nexusmutual.com*> is lawful and proper and does not infringe on any right the Defendant may claim in the United States;

B. For injunctive relief prohibiting Defendant from interfering with or challenging Plaintiff's registration, possession or use of the Domain.

C. Judgment that Defendant has engaged in reverse domain hijacking and unlawfully interfered with Plaintiff's rights and expectations under its domain name registration contract;

D. Costs and expenses including attorneys' fees under 15 U.S.C. §1117(a);

E. For such other and further relief as this Court deems just and proper.

DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Date: August 27, 2026.

Respectfully submitted,

s/ James Juo

James Juo
Scott Brenner
Thomas P. Howard, LLC
842 W. South Boulder Road #100
Louisville, CO 80027
303-665-9845
303-665-9847 (fax)
*jjuo@thowardlaw.com*
*sbrenner@thowardlaw.com*